Henry WILLOCKS, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

June 15, 1976.

Charles D. Deas, Maryville, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingsport, for defendant-in-error.

## OPINION

DAUGHTREY, Judge.

The defendant, Henry Willocks, was convicted of concealing stolen property over the value of $100.00 and was sentenced by a Blount County jury to not less than three nor more than five years in prison. On appeal he raises eight assignments of error, all of which relate to a single issue presented for our determination: Whether it was

reversible error to force this defendant to trial in shackles. We conclude that it was and that the defendant is entitled to be retried in an unfettered condition.

■ We begin our examination of controlling law by observing that the concept of due process imbedded in our state and federal constitutions guarantees every criminal defendant a fair and impartial trial. Included in the presumption of innocence, which is mandated by due process and which attaches in each criminal case, is the defendant's right to the "physical indicia of innocence." *Kennedy v. Cardwell*, 487 F.2d 101, 104 (6th Cir. 1973), *cert. denied sub nom. Kennedy v. Gray*, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974), citing *United States v. Samuel*, 431 F.2d 610, 614 (4th Cir. 1970), *cert. denied* 401 U.S. 946, 91 S.Ct. 964, 28 L.Ed.2d 229 (1971).

An exhaustive analysis of the issue raised here was undertaken by the late Judge William E. Miller in his well-reasoned opinion in *Kennedy v. Cardwell, supra.* Moreover, the controlling principle of law was clearly enunciated in an earlier Sixth Circuit opinion, *Woodards v. Cardwell*, 430 F.2d 978 (1970), *cert. denied* 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971):

> The rule that a prisoner brought into court for trial is entitled to appear free from all bonds or shackles is an important component of a fair and impartial trial. And shackles should never be permitted except to prevent the escape of the accused, to protect everyone in the courtroom, and to maintain order during the trial. 430 F.2d at 982.

The United States Supreme Court has described such physical restraint as "something of an affront to the very dignity and decorum of the judicial proceedings that the judge is seeking to uphold" and has approved the use of shackling and gagging only as "a last resort." *Illinois v. Allen*, 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

The American Bar Association Project on Standards for Criminal Justice, Standards Relating to Trial by Jury § 4.1(c) provides:

> Defendants and witnesses should not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order. If the trial judge orders such restraint, he should enter into the record of the case the reasons therefor. Whenever physical restraint of a defendant or witness occurs in the presence of jurors trying the case, the judge should instruct those jurors that such restraint is not to be considered in assessing the proof and determining guilt.

The commentary to § 4.1(c) describes the "harm to be prevented [by such restraint as] disorder from a variety of causes, includ(ing) such risks as escape, interruption of the proceedings, attack upon the defendant or witness by others, attack upon others by the defendant or witness, or self-destruction."

A review of Tennessee law on shackling of an accused at trial must begin with two 1882 cases, *Matthews v. State*, 77 Tenn. 128, and *Poe v. State*, 78 Tenn. 673, which established that a defendant may be shackled in the trial court's discretion only to prevent his escape, and that the trial court's exercise of discretion may not be disturbed on appeal absent a clear showing of abuse. See also *State ex rel. Hall v. Meadows*, 215 Tenn. 268, 389 S.W.2d 256 (1965) (record of prior escape by defendant, held: no abuse); *Hathaway v. Henderson*, 1 Tenn.Cr.App. 168, 432 S.W.2d 503 (1968) (record of prior escape by defendant, held: no abuse; shackling did not occur during actual trial); *Rivera v. State*, 1 Tenn.Cr.App. 395, 443 S.W.2d 675 (1969) (record of prior escape by defendant, held: no abuse; shackling did not occur during actual trial); *McGregor v. State*, 491 S.W.2d 619 (Tenn.Cr.App.1972) (no proof that any prospective jurors saw shackles).

■ Our next step then is to determine whether the trial judge in this case abused his discretion in refusing to unfetter this defendant over the timely objection of his counsel. While far from complete, the record before us shows that the defendant was shackled at some point prior to the

selection of the jury and apparently remained shackled throughout the trial. The following relevant exchanges between counsel and the court appear early in the transcript:

> MR. DEAS: I would like to move for a mistrial or at least raise an objection because of this. I have never in my life seen anybody like this in the courtrooms of the State of Tennessee, or anywhere else. It prejudices the jury against this man, and it is just outrageous. I have never seen the like.
>
> THE COURT: All right, I will overrule your motion. . . .
>
> MR. DEAS: I would also like to move the Court to remove these shackles from this man.
>
> THE COURT: Just leave him right there like he is.
>
> MR. DEAS: Well does the Court have any reasons?
>
> THE COURT: Yes sir, but I'm not going to explain it and give prejudice to the jury . . .

Later the defense attorney attempted to voir dire the jury on the question of prejudice caused by his client's shackled condition, but the trial judge refused to allow it:

> THE COURT: Now, Mr. Deas, I am going to tell you this for the record. You keep calling that to the attention of this jury and you are not going to be able to rely on that as error . . . Now, yesterday we had a person who I was arraigning jump out that window right over there. Whether you were here or not you see it and know the reason we are taking some security measures. Now, that has nothing whatsoever to do with determining the guilt or innocence or fixing punishment . . .

There is no evidence in the record that this defendant had ever escaped or attempted an escape in the past, nor that he had offered to escape at the time of the trial. There is no evidence in the record that he posed any danger to others in the courtroom or in any manner disrupted the proceedings at trial. No hearing was conducted prior to trial to determine whether physical restraint was necessary to prevent the escape of this particular defendant. *See Kennedy v. Cardwell, supra,* at 110. Finally, no formal cautionary instruction was given the jury when they were seated nor after the close of the proof in the case. *Compare ABA Standards* § 4.1(c), *supra.*

The only reason given by the Court for the shackling order was the fact that some third party, totally unrelated to this defendant, so far as the record shows, had "jumped out" a window in the courtroom the day before trial. We think this "security measure," absent some proof that the defendant himself represented a security risk, constitutes a violation of due process and thus clearly exceeds the discretion of the trial court to order physical restraint. We are unable to find any authority in Tennessee or elsewhere to support the proposition that activities of other persons which are not related nor imputable to an accused may nevertheless be used as a basis for shackling a criminal defendant.[1] The fact that others have escaped or that an accused may hypothetically attempt escape is not a sufficient basis per se upon which to predicate an arbitrary, non-selective program of physical restraint in an American courtroom.

We agree with Judge Miller's conclusion that there should be a legal presumption against the necessity of in-court restraint, with the burden falling on the state "to show the necessity of any extreme physical measures." *Kennedy v. Cardwell,*

---

1. *But cf. Odell v. Hudspeth,* 189 F.2d 300 (10th Cir. 1951), a federal habeas corpus case brought by a state prisoner who complained that the use of guards and manacles during trial coupled with extreme public hostility toward him had deprived him of a fair trial. The court found no abuse of discretion in the use of manacles and guards where it appeared that such precautions were necessary to protect petitioner and preserve order during the trial and no prejudice where petitioner was sentenced to less than he could have received. *Id.* at 302. This requirement of actual prejudice has been described as a "distinct(ly) minority" rule. *Kennedy v. Cardwell, supra* at 107.

**822**

*supra,* at 107. We note, as did Judge Miller, that:

> (t)he decision to shackle a defendant rests in the first instance in the discretion of the trial judge and the test on review is whether the trial judge has abused this discretion. The recent cases establish that in order for an appellate court to undertake any meaningful review at least the reasons for the trial judge's actions should be placed on the record. Several courts, including this one, have recognized that the physical indicia of innocence are so essential to a fair trial that the better practice is to hold a hearing so that factual disputes may be resolved and evidence of the facts surrounding the decision are made a part of the record. 487 F.2d at 107 (citations omitted).

We agree also that "because every criminal defendant is entitled under the fourteenth amendment's due process clause to a fair and impartial trial . . . a defendant should never be shackled during his trial before a jury except in extraordinary circumstances. . . . (and) upon a *clear showing* of necessity . . .," and that "it is an abuse of discretion precipitously to employ shackles when less drastic security measures will adequately and reasonably suffice." *Id.* at 111. Certainly when physical restraint is employed the jury must be given an adequate instruction that the shackling should in no way effect their determination of guilt or innocence or their assessment of punishment. In the absence of these safeguards, we hold that in-court shackling is inherently prejudicial to the defendant, and accordingly we reverse and remand the judgment of the trial court.

DWYER and O'BRIEN, JJ., concur.