**STATE of Tennessee, Appellee,**

v.

**Gary W. KEELE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 9, 1982.

Permission to Appeal Denied by Supreme Court Dec. 30, 1982.

Robert L. Tucker, Sr. Asst. Public Defender, William L. Shulman, Asst. Public Defender, Nashville, for appellant.

William M. Leech, Jr., State Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Douglas S. Johnston, Jr., and Cheryl Blackburn, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

TATUM, Judge.

The defendant was convicted of murder in the first degree and of armed robbery. He was sentenced to serve life imprisonment on each conviction, and each sentence was ordered to be served consecutively.

The defendant says the trial court should have declared a mistrial because he says the state continued to introduce inadmissible evidence and because the jury saw him in shackles; says he was denied statements of a witness after making a motion for the statements in accordance with Rule 16(a) of Tennessee Rules of Criminal Procedure; says the court's charge on the defendant not testifying was an improper comment thereon; says the trial court erroneously denied his request for an instruction on evaluating the testimony of a drug addict; and, says the indictment should have been dismissed because it was duplicitous. After reviewing the record, we conclude that the convictions for both offenses must be affirmed.

The defendant does not contest the sufficiency of the evidence. It is sufficient to say the state's proof clearly shows the defendant entered the home of the deceased on the evening of December 4, 1979, robbed him and killed him. The defendant did not testify.

The defendant's claim for a mistrial based upon incompetent evidence being introduced by the state is not well taken. The defendant had filed a *motion in limine* to prohibit the state from showing the defendant was addicted to drugs. The state advised the trial judge they would not show this unless the defendant testified.

In the course of the testimony of a state's witness, the state showed the witness and defendant had been together for several days in Florida during October of 1979. In the course of this testimony, the witness testified he was using drugs. There was an implication the defendant used drugs also.

The defendant did not object to the testimony when it was offered but waited until sometime later to do so. In our view he waived any complaint thereof. Furthermore, in view of the unquestioned guilt of the defendant, this would be at most harmless error.

The defendant's motion for a mistrial based upon the jury seeing him in shackles resulted from an inadvertent and unexpected occurrence. On the last morning of this trial, the defendant along with other prisoners was being returned to the courthouse for the day's proceedings. These prisoners were taken to the seventh floor of the courthouse where they were to be placed in a holding room. The door to the holding room was locked, and the prisoners were forced to stand in the hallway. While the prisoners were standing in the hallway, the jury arrived on the seventh floor to go to the jury room. Several of the jurors saw the defendant in shackles, and one juror became upset and wept and decided she "could not do it." The jury went into the jury room, and the defendant made a motion for a mistrial based upon this occurrence.

The trial judge conducted a hearing on this matter, overruled the defendant's motion and instructed the jury to disregard this occurrence. The jury was returned to the jury room. Evidence presented at the hearing on the motion for a new trial indicated the jury had reached a verdict before the trial judge instructed them on this matter.

The defendant relies upon *Willocks v. State,* 546 S.W.2d 819 (Tenn.Cr.App.1976), and on *Billy Ray Collins v. State,* Court of Criminal Appeals at Knoxville, filed February 4, 1980, in support of his motion based

on this incident. He further relies upon several cases which deal with jury separation to insist the burden is on the state to show there was no prejudice to him as a result of the occurrence.

In *Willocks* and *Collins* the convictions were reversed because the defendants were shackled in the courtroom during their trial. This, of course, is not the situation in this case. We are of the opinion this situation falls within the ruling of *State v. Groseclose,* 615 S.W.2d 142 (Tenn.1981), wherein the Supreme Court held a brief viewing of the defendant in handcuffs did not warrant a new trial where the record did not show anything further which would prejudice the jury against the defendant.

The record in this case is more complete than the *Groseclose* record. We do not think the defendant was prejudiced by the occurrence. The evidence of the defendant's guilt is clear. The record indicates beyond a reasonable doubt this occurrence did not deprive him of a fair trial.

■ The defendant says he was denied a previous statement of a witness prior to cross-examination contrary to Rule 16(a) of Tennessee Rules of Criminal Procedure.

This statement was a recorded telephone conversation between the witness, Stoner, and an Officer McElroy, who was also a state's witness. The state was unaware of the recording. However, McElroy testified at trial he was not sure he had recorded any conversation of Stoner.

During the trial the defendant did not make a motion for any previous statements of Stoner, and because of this, he would not be entitled to relief on this basis. The defendant insists, however, he is entitled to a new trial on the failure to be supplied with the Stoner statement because he asked for previous statements of McElroy and he would have had the Stoner statement if McElroy's statements had been supplied.

Whether this is sufficient basis on which to grant a new trial or not we need not decide. The taped conversation was made an exhibit to this record. We have reviewed the tape and see hardly any contra-

dictions in this conversation and the testimony of Stoner. In view of the extensive cross-examination of Stoner, we can find no harm done the defendant in this regard.

■ The defendant objects to the use of the word "failure," in instructing the jury on the right of the defendant not to testify. The trial judge instructed the jury in accordance with the Tennessee Pattern Jury Instructions § 38.06. In *Yelton v. State,* 211 Tenn. 464, 365 S.W.2d 877 (1963), the Supreme Court approved a jury instruction containing this word. There is no error in this instance.

■ The trial court was not required to give the defendant's requested instruction on how to evaluate the testimony of a drug addict. The judge's instruction fully covered the manner in which the jury should weigh the testimony of witnesses and in how they should assess the credibility of the witnesses. When the general instruction covers the issue raised, it is not error to refuse a requested charge on the same issue. *Edwards v. State,* 540 S.W.2d 641 (Tenn.1976).

The first count of the indictment charged the defendant with murder in the first degree by alleging the killing was done feloniously, willfully, deliberately, maliciously and premeditatedly or in the perpetration of a felony, to wit: robbery.

The defendant filed a motion to dismiss the indictment because it stated two offenses in one count. The state moved to dismiss the felony-murder charge, and the court allowed the indictment to be amended to show only the charge based upon premeditation, etc. The court then denied the defendant's motion to dismiss. The defendant objects to this procedure.

The defendant relies upon *Mike Darby v. State,* Court of Criminal Appeals of Knoxville, filed February 15, 1980, affirmed by Supreme Court October 14, 1980, in support of his position.

In *Darby,* the indictment alleged the sale or delivery of a controlled substance. This Court held the sale of controlled substances was a separate and distinct offense from

the delivery of a controlled substance and the indictment was bad for duplicity.

■ *Darby* does not fit the case before us. The first count of the indictment alleges the commission of one offense—murder. The allegation of the manner in which the offense was committed is in alternate terms. This is not duplicitous. *State v. Jefferson*, 529 S.W.2d 674 (Tenn. 1975). The amendment was not erroneous because it did not charge an additional or different offense and did not prejudice a right of the defendant, Rule 7(b), T.R.Cr.P.

■ The defendant claims, however, the dismissal of the felony-murder charge deprived him of the right to invoke the double jeopardy defense as to the armed robbery conviction. We do not perceive this to be so; the defendant had no such "right."

■ In *Briggs v. State*, 573 S.W.2d 157 (Tenn.1978), the Supreme Court granted certiorari to consider a case where the defendant was indicted for premeditated murder (as defined in § 39–2402(1), T.C.A.); felony-murder, and armed robbery. The robbery victim was the victim of the murder. The jury returned a verdict finding the defendant guilty of the felony-murder and also of the underlying robbery. The defendant was not convicted of the premeditated murder. Basing its holding on *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the Tennessee Supreme Court reversed the underlying robbery conviction on double jeopardy grounds. However, the *Briggs* decision further held that had the jury convicted the defendant of common law or premeditated murder, then both convictions could have been upheld without violating constitutional double jeopardy. Armed robbery is not an included offense to premeditated (or common law) murder. Also see *State v. Briggs*, 533 S.W.2d 290 (Tenn.1976).

The defendant in the case at hand, contrary to his contention, was not deprived of any defense by an amendment dropping the felony-murder charge. With the indictment amended so as to charge premeditated murder and not felony-murder, the defend-

ant would have been acquitted of first degree murder if the jury had not found beyond a reasonable doubt that he was guilty of premeditated murder. He has no right to an indictment that would grant him a double jeopardy defense, as he insists.

■ The defendant next complains that the trial court ordered consecutive sentences. The trial judge gave the following reasons for ordering consecutive sentences:

"The Court further finds that the circumstances surrounding the acts for which the Defendant was convicted indicate that he has little or no regard for human life and no hesitation whatsoever about committing crimes in which the risk to human life is high. The Court further finds that consecutive sentences are merited in order to protect society from the Defendant who, the Court finds, is unwilling to lead a productive life and who will likely resort to criminal activity in furtherance of his anti-societal life style.

Pursuant to the provisions of *Gray v. State*, 538 S.W.2d 391 (1976), the Court finds the Defendant to be a dangerous offender. In reaching this conclusion the Court considered *inter alia,* the following aggravating circumstances:

1. The Defendant began to suggest that the best way to get the victim's diamond ring was to murder him for it, such suggestions commencing soon after the Defendant first learned of the existence of said ring;

2. The desire to obtain this ring through criminal and violent activity remained with the Defendant for a period of nearly two (2) months before the Defendant acted on that desire;

3. The Defendant made special arrangments (sic) with a (sic) innocent third party for that third party to reroute his own planned trip so that the Defendant would have transportation through Nashville;

4. The Defendant traveled approximately twenty-four hundred (2400) miles round trip for the sole purpose of committing this murder and robbery;

5. Upon completion of the murder and robbery the Defendant threatened William Michael Lacey with death on more than one occasion in an effort to remain undetected, Mr. Lacey being the only witness who could place Mr. Keele at the scene;

6. The murder was committed in the victim's own home in a (sic) especially brutal manner, the Defendant having fired five (5) bullets into the victim, the last few of which were fired as the victim was attempting to crawl to safety having already been wounded."

The defendant argues that the *Gray* case requires aggravation before consecutive sentences can be ordered for crimes which are inherently dangerous. While both offenses for which the defendant was convicted are inherently dangerous crimes, we find that the circumstances above-outlined constitute sufficient aggravation to justify the trial judge to order consecutive sentencing under his discretionary powers.

Finally, we commend counsel for both the defendant and the State for excellent and helpful briefs.

The judgments below are affirmed.

BYERS, J., and WILLIAM S. RUSSELL, Special Judge, concur.

BYERS, Judge, dissenting.

I agree with the majority opinion in affirming the murder conviction in this case. I do not, however, agree with the majority opinion in holding the armed robbery conviction in addition thereto does not amount to double jeopardy in this case.

It is well established that in a felony-murder trial the state need not show premeditation in order to obtain a conviction for murder in the first degree. The state need only show the death occurred in the commission of the underlying felony. On the other hand, if the murder did not occur in the commission of a felony, the state must show premeditation in order to secure a conviction for first degree murder.

In this case the state did not show, so far as I can determine from the record, any premeditation upon which to base a conviction of first degree murder. The state proved the murder occurred during the course of an armed robbery. Thus, the state's evidence showed a felony-murder had been committed. The state sought and obtained, in addition to the first degree murder, a conviction for armed robbery. The defendant was sentenced on both convictions with the sentences to be run consecutively. In my view this amounted to a violation of the double jeopardy prohibition.

In *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the Supreme Court held a conviction for felony-murder barred a subsequent conviction for the underlying armed robbery because of the double jeopardy prohibition. Our Supreme Court followed this rule in *Briggs v. State,* 573 S.W.2d 157 (Tenn.1978).

The majority says *Briggs* held a conviction for common law murder and armed robbery will withstand a double jeopardy attack. In my view this is an oversimplification of the *Briggs* case.

In discussing this proposition our Supreme Court in *Briggs* said, "Assuming a sufficiency of evidence .... the conviction could be upheld for first degree murder and armed robbery. This would preclude any double jeopardy problems."

It is the phrase "assuming a sufficiency of evidence" upon which I part company with the majority opinion. This statement by the Court merely states an hypothesis upon which a dual conviction could stand. In the absence of proof to transform this hypothesis into a premise, the statement would not apply to a particular case.

In this case there is no evidence upon which to base the conclusion reached by the majority opinion.

In *Black v. State,* 524 S.W.2d 913 (Tenn. 1975), our Supreme Court held a conviction for armed robbery and a conviction for assault with intent to commit murder in the second degree could stand. This was allowed because the same evidence was not required to prove the armed robbery as was required to prove the assault.

If the evidence in this case were in the same stance as was the evidence in *Black,* I would agree with the majority. However, that is not the case.

The state did not prove premeditation to support a first degree murder conviction. The state proved the killing occurred during the commission of an armed robbery. The proof of this supplied the premeditation element to support a conviction for murder in the first degree. Without such evidence the crime of murder in the first degree would not have been proved. Therefore, the same evidence which proved the armed robbery was necessary to prove the murder, and thus to allow both convictions would violate the double jeopardy provisions.

The mere indictment for common law murder rather than felony-murder is not controlling on the issue. The state may show a felony-murder under a common law form of indictment to prove the murder. *Black, supra.* This is what was done in this case. The double jeopardy prohibition is based upon evidence in the case. It is not based upon the manner in which the state seeks to proceed.

I would hold the conviction for armed robbery in this case cannot stand because it violates the double jeopardy clause.