STATE of Tennessee, Appellee,

v.

Ronald Eugene WRIGHT, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

April 3, 1985.

Permission to Appeal Denied by Supreme Court Aug. 12, 1985.

James O. Marty, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, William Barry Wood, Asst. Atty. Gen., Nashville, James D. Wilson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

Appellant appeals his conviction of voluntary manslaughter, see T.C.A. § 39–2–221, and sentence of confinement for six years as a Range 1 offender.

Appellant presents three issues: (1) whether the trial court committed reversible error by allowing appellant's statement to be read to the jury over appellant's objection, when defense was not furnished a copy of said statement under Tenn.R. Crim.P. 16; (2) whether the trial court committed reversible error in its instruction on self-defense by failing to instruct the jury, after request, that the burden of proof rests with the State to disprove self-defense; and (3) whether the trial court erred in sentencing appellant.

Without an issue contesting the sufficiency of the evidence, it suffices to relate that on the early morning hours of May 20, 1983, appellant shot and killed his girlfriend at their residence at 870 Goodwin, Memphis. Appellant and decedent had been arguing in the early morning hours of that date. The decedent left, but subsequently returned around 3:00 a.m. with a police officer. Appellant agreed to leave. Appellant testified that when the officer left, the victim started the argument again and again left their home. She subse-

quently returned even more intoxicated than before, started the argument again, and when she advanced on him with a butcher knife, he shot and killed her in his own self-defense. The jury rejected appellant's self-defense theory, apparently finding that he killed the victim upon a sudden heat.

The first issue: The officer that returned with decedent around 3:00 a.m. testified that appellant told him that "he had seen the victim earlier with another man in his car and the other man was driving." Appellant argues that this oral statement, reduced to writing in the arrest report, should not have been allowed into evidence because it had not been furnished in compliance with his motion for discovery. Tenn.R.Crim.P. 16(a)(1)(A). It is his further argument such a statement was prejudicial for it supplied a provocation for the shooting. There was a jury-out hearing in which the court found that there indeed had been a violation of the discovery rule by the State. The trial court also found that there was no bad faith on the State's part and that the statement went to the jury without a contemporaneous objection.

The State relies on *State v. Harrington*, 627 S.W.2d 345 (Tenn.1981), and *State v. Keele*, 644 S.W.2d 435 (Tenn.Crim.App. 1982), urging that the issue is waived, and, moreover, with other evidence in the record, it is harmless error at most. We are not in accord with the State on any of its urgings.

■ It is true that there was no spontaneous objection. But it is also true that a jury-out hearing was asked for immediately after the statement had gone to the jury, and appellant asked that the statement be excluded. In both authorities relied on by the State, the court held the error was harmless. This, we cannot do here. Contrary to the State's argument, this was an exceedingly close case on the facts. Without such a statement, the only evidence the State has is a domestic disturbance call that according to the officer was quelled at his appearance. There were no witnesses to the final encounter other than the princi-

pals. In the absence of any contrary evidence, appellant must have been sober, with decedent having a blood alcohol content of 0.18 per cent. There was a knife on the floor by her body. In such quarters, the statement, showing a bad mental frame of mind by appellant, had to have tipped the scales. While the State, as the trial court found, did not act in bad faith, the deprivation of liberty cannot be justified or condoned by the fact that it was negligence. In a simpler setting, the State agents should never be in such haste to overlook such an important piece of evidence. To do so would render pointless the purpose of the rule. This issue is sustained.

■ We have considered appellant's other two issues. We find no error in the trial court's denying his special request on self-defense. The T.P.I.—Crim. 36.02 charge was adequate. This issue is overruled.

■ The sentencing issue: There is no error here. The sentence comports with the court's consideration of T.C.A. § 40–35–110 and T.C.A. § 40–35–111. There was no abuse of discretion in the sentence by the court. This issue has no merit. In view of our sustaining the appellant's first issue as discussed, the judgment of the trial court is reversed and remanded for a new trial.

DUNCAN, J., and JAMES C. BEASLEY, Special Judge.