# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT NASHVILLE
## Assigned on Briefs April 14, 2020

## STATE OF TENNESSEE v. TINA NICHOLE LEWIS

**Appeal from the Circuit Court for Williamson County**
**No. II-180524      James G. Martin, III, Judge**

_____

## No. M2019-01670-CCA-R3-CD

_____

The Defendant, Tina Nichole Lewis, was charged with one count of second degree murder through the unlawful distribution of fentanyl and amphetamine and one count of delivery of fentanyl and amphetamine. The trial court granted the Defendant's motion to dismiss the charges on the basis that the indictment was duplicitous because it charged a single count of each offense by listing two Schedule II drugs, fentanyl and amphetamine. The State appeals the dismissal of the homicide charge. We conclude that the indictment, which charged one single offense of homicide, was not duplicitous, and we accordingly reverse the trial court's dismissal of the charge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Kim R. Helper, District Attorney General; and Carlin Hess, Assistant District Attorney General, for the appellant, State of Tennessee.

Elizabeth A. Russell, Franklin, Tennessee, for the appellee, Tina Nichole Lewis.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The factual underpinnings of the offenses are not included in the record, but the indictment returned on August 13, 2018, charged the Defendant with two offenses:

COUNT 1
SECOND DEGREE MURDER

The Grand Jurors for Williamson County, Tennessee, duly impaneled and sworn, upon their oath, present that TINA NICHOLE LEWIS, heretofore, to-wit, on or about March 17, 2018, before the finding of this presentment, in said County and State, ***did unlawfully distribute Schedule II drugs, to-wit: fentanyl and amphetamine, and said distribution resulted in the killing of another***, to-wit: Jacob Gallardo, and said drugs were the proximate cause of the death of the user, in violation of Tennessee Code Annotated 39-13-210, a class A felony, and against the peace and dignity of the State of Tennessee.

COUNT 2
DELIVERY OF SCHEDULE II DRUGS

The Grand Jurors for Williamson County, Tennessee, duly impaneled and sworn, upon their oath, present that TINA NICHOLE LEWIS, heretofore, to-wit, on or about March 17, 2018, before the finding of this presentment, in said County and State, ***did unlawfully and knowingly deliver controlled substances, to-wit: fentanyl and amphetamine, said drugs being classified as controlled substances in Schedule II***, without any authorization under the law, in violation of Tennessee Code Annotated 39-17-417, a class C felony, and against the peace and dignity of the State of Tennessee.

(Emphasis added.)

The Defendant filed a motion to dismiss this indictment, and on August 23, 2019, the trial court heard argument on the motion. During this hearing, the parties discussed that the State had sought a superseding indictment in 2019 under subsection (a)(3) of the statute, making it an offense to kill another "by unlawful distribution or unlawful delivery or unlawful dispensation of fentanyl or carfentanil, when those substances alone, or in combination with any substance scheduled as a controlled substance by the Tennessee Drug Control Act of 1989, … is [sic] the proximate cause of the death of the user." T.C.A. § 39-13-210(a)(3) (2018); *see* 2018 Pub. Acts, ch. 995, § 1, eff. July 1, 2018. However, the parties agreed that this law had only come into effect after the offense at issue, and that accordingly, the State could not proceed under this subsection but could only prosecute the Defendant under the original indictment charging her with "[a] killing of another that results from the unlawful distribution of any Schedule I or Schedule II

drug, when the drug is the proximate cause of the death of the user." T.C.A. § 39-13-210(a)(2).

At the hearing, the defense asserted that the indictment was duplicitous because it listed both fentanyl and amphetamine as the Schedule II drug involved in the offenses and that under *State v. Collier*, 567 S.W.2d 165, 166 (Tenn. 1978), the indictment must charge each drug offense separately. The Defendant argued that because the illegality of the drug which was the proximate cause of death was an element of the offense, the indictment was not merely charging alternative theories. The defense asserted the indictment would lead to an issue with the unanimity of the verdict and argued that the addition of subsection (a)(3) to the statute indicated that the Legislature did not intend for subsection (a)(2) to apply to drugs working in combination. *See* T.C.A. § 39-13-210(a)(2) (criminalizing "[a] killing of another that results from the unlawful distribution of any Schedule I or Schedule II drug, when the drug is the proximate cause of the death of the user"), -210(a)(3) (making it an offense to kill another "by unlawful distribution or unlawful delivery or unlawful dispensation of fentanyl or carfentanil, when those substances alone, or in combination with any substance scheduled as a controlled substance by the Tennessee Drug Control Act of 1989, … is [sic] the proximate cause of the death of the user").

The State asserted that because there was only one homicide, only one crime was charged. The prosecutor noted that the State was "hamstrung by an autopsy report that says combination," presumably referring to the cause of the victim's death from a combination of drugs, but the prosecutor agreed that Count 2, charging the Defendant with delivery of two separate drugs, could be charged as two separate offenses in a superseding indictment. The State noted in its written response to the motion to dismiss that the proof at trial would show "that the victim died as a result of a fatal dosage of a fentanyl and amphetamine mixture, delivered to him by the defendant."

The trial court granted the Defendant's motion to dismiss, observing that the indictment could cause an issue with jury unanimity because it would not be possible to know which drug the jury found to be the cause of death and that the State would have to elect which drug was the proximate cause of the victim's death. The court further observed that "the Statute is worded in the singular, not in the plural," whereas the indictment charged multiple drugs as causing the death. The court noted that the State would only be able to salvage the indictment through medical proof that one particular Schedule II drug caused the death. The trial court also found the indictment raised issues with adequate notice and double jeopardy. The prosecutor observed that defendants would escape liability by providing drugs which were fatal in combination but not individually, and he indicated that he would speak to the medical examiner to determine

if the homicide count could be charged as two separate offenses prior to deciding whether to seek a superseding indictment or pursue an appeal.

The trial court filed a written order dismissing the 2018 indictment on August 26, 2019, indicating that the charges were being dismissed because they were duplicitous under *Collier*, and judgment forms indicating the charges were dismissed were filed on August 28, 2019. Judgment forms reflecting that the State no longer sought to proceed on the superseding indictment were also entered. The State filed a timely appeal of the dismissal of the original indictment.

## ANALYSIS

The State asserts that the trial court erred in dismissing the indictment on the grounds that it was duplicitous. The State contends that only one count of homicide was charged and argues that the wording of the indictment constituted a charge outlining alternative theories of guilt. The State also asserts that the trial court's reading of the statute leads to an absurd result. The Defendant responds that the holding in *Collier* requires each drug to be charged separately and that the different drugs are not merely alternate theories but constitute elements of the offense. The defense argues that the charge would lead to an issue with the unanimity of the verdict and double jeopardy and that the plain language of the statute requires the State to prove that a single drug was the proximate cause of death. The parties agree that the count charging delivery of two separate drugs was duplicitous, and the dismissal of this judgment is not at issue on appeal. We conclude that the indictment charged a single count of homicide and is accordingly not duplicitous, and we reverse the judgment dismissing the charge.

The validity of an indictment is a question of law which we review de novo. *State v. Lindsey*, 208 S.W.3d 432, 438 (Tenn. Crim. App. 2006). An indictment serves to provide notice of the offense charged, an adequate ground upon which to enter a proper judgment, and protection against double jeopardy. *Id.* The indictment should state "the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." T.C.A. § 40-13-202.

"Generally, two distinct offenses cannot be charged in the same count of an indictment." *State v. Jefferson*, 529 S.W.2d 674, 678 (Tenn. 1975), *overruled on other grounds by State v. Mitchell*, 593 S.W.2d 280, 286 (Tenn. 1980). Accordingly, "all crimes arising from the same incident that are not lesser included offenses of another crime charged in the indictment must be charged in separate counts." *State v. Gilliam*, 901 S.W.2d 385, 389 (Tenn. Crim. App. 1995); *see* Tenn. R. Crim. P. 8(a)(1), (b) (joinder

- 4 -

of offenses in an indictment takes place "with each offense stated in a separate count"). "[T]he purpose behind the prohibition of a duplicitous indictment is the avoidance of the following dangers: (1) failure to give the defendant adequate notice of the charges against him; (2) exposure of the defendant to the possibility of double jeopardy; and (3) conviction of the defendant by less than a unanimous jury verdict." *State v. Michael Burnette*, No. E2005-00002-CCA-R3-CD, 2006 WL 721306, at *3 (Tenn. Crim. App. Mar. 22, 2006). A duplicitous indictment is improper, *State v. Jones*, 589 S.W.3d 747, 757 (Tenn. 2019), and subject to dismissal, *State v. Cleo Henderson*, No. 02C01-9709-CR-00356, 1999 WL 86987, at *2 n.1 (Tenn. Crim. App. Feb. 23, 1999). However, "[w]hen the offense may be committed by different forms, by different means or with different intents, the forms, means or intents may be alleged in the same count in the alternative." T.C.A. § 40-13-206(a). Likewise, a criminal act producing different results may be charged in the alternative. T.C.A. § 40-13-206(b). A unanimity issue may be cured by requiring the State to make an election. *Burnette*, 2006 WL 721306, *4 n.3.

The Defendant relies on *State v. Collier* for the proposition that charging second degree murder by the unlawful distribution of two separate drugs is duplicitous. *Collier*, 567 S.W.2d at 167. In *Collier*, the defendant was convicted of six counts of possession of a controlled substance with the intent to sell, and five of these counts were for five distinct Schedule II drugs, while the sixth was for a Schedule VI drug. *Id.* at 166. This court held that only one conviction based on a Schedule II drug could stand, but the Tennessee Supreme Court reversed, concluding that the Legislature intended "to create a separate offense for the possession of each of the controlled substances set out in Schedules I through VI of the Act." *Id.* at 166, 167. Under *Collier*, charging a defendant with possession of multiple Schedule II drugs in one count is duplicitous. *Id.* However, in the case at bar, the Defendant was not charged with possession of multiple Schedule II drugs but with a single homicide.

"While a single indictment that argues alternative theories of the same murder is uncommon, such an indictment is valid." *State v. Edward Jerome Harbison*, No. E2017-00520-CCA-R3-CD, 2018 WL 674002, at *5 n.1 (Tenn. Crim. App. Feb. 1, 2018), *perm. app. denied* (Tenn. May 15, 2018). In *State v. Jefferson*, the Tennessee Supreme Court found that an indictment charging homicide was not defective for duplicity because "[t]his indictment charges the defendant with one offense, the first degree murder of [the victim] although it charges different means or intents with which the crime was committed." *Jefferson*, 529 S.W.2d at 678. The court in *State v. Keele* also found that an indictment charging murder by alternate theories was not duplicitous because "[t]he first count of the indictment alleges the commission of one offense—murder. The allegation of the manner in which the offense was committed is in alternate terms." *State v. Keele*, 644 S.W.2d 435, 439 (Tenn. Crim. App. 1982); *see Charlie W. Dunn v. State*, No. 01C01-9504-CR-00119, 1999 WL 799338, at *10 (Tenn. Crim. App. Oct. 8, 1999)

(felony and premeditated murder could be charged in the same count); *see also Ricardo Davidson v. Avril Chapman, Warden*, No. M2014-00565-CCA-R3-HC, 2014 WL 7011499, at *3 (Tenn. Crim. App. Dec. 12, 2014) (holding that although the delivery and sale of a controlled substance must be charged separately, the indictment was not duplicitous for charging possession with intent to sell or deliver, "which is a single, independent offense with its own subpart"); *State v. Greg Harris*, No. E2003-02834-CCA-R3-CD, 2005 WL 419082, at *11-12 (Tenn. Crim. App. Feb. 23, 2005) (when the element of sale or delivery is the object of a conspiracy, the unanimity of the verdict is not endangered because conspiracy is a single offense).

We conclude that *Collier* does not apply to the single count of second degree murder charged against the Defendant. Because the offense comprised the single homicide of the victim, the allegations regarding the particular drugs that led to the victim's death do not render the charge duplicitous. *See Jefferson*, 529 S.W.2d at 678; *Harbison*, 2018 WL 674002, at *5 n.1; *Keele*, 644 S.W.2d at 438; *see also State v. Davis*, 654 S.W.2d 688, 697 (Tenn. Crim. App. 1983) (quoting *State v. Irvin*, 603 S.W.2d 121, 123 (Tenn. 1980) for the proposition that "'with few exceptions, in crimes against the person, when contrasted with crimes against property, there are as many offenses as individuals affected'").

We note that the trial court's written ruling based the dismissal on the finding that the indictment was duplicitous, and the State's brief frames the issue as, "Whether the trial court erred in ruling that an indictment charging second-degree murder was duplicitous because it listed the combined delivery of two drugs as the cause of death." The State nevertheless also interjects a separate legal issue, whether the statute criminalizes the distribution of a combination of Schedule II controlled substances resulting in a victim's death or whether the offense is limited to distribution of a single drug which is the proximate cause of death. We do not address the argument that the statutory language requires the State to prove that the death resulted from the distribution of a single Schedule II drug. Such an argument does not fall within the scope of our review, because the issue before us is whether the indictment was duplicitous and because an indictment charging a single homicide committed by alternate means is not duplicitous. Whether the statute criminalizes a death resulting from the delivery of a combination of Schedule II drugs is a separate legal question, as is the unanimity of any verdict obtained under such a fact pattern. These questions do not fall within the scope of our review of a dismissal based on a duplicitous indictment.

**CONCLUSION**

The trial court's judgment dismissing the count charging the Defendant with second-degree murder on the grounds that it was duplicitous was in error, and we reverse the judgment and remand for further proceedings.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE