**STATE of Tennessee, Appellee,**

v.

**Robert J. RANDOLPH, Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

March 22, 1985.

Permission to Appeal Denied by
Supreme Court May 13, 1985.

William H. Hall, Susan Callihan, Wolfe, Hall, Callihan & Hudson, Chattanooga, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Jane W. Young, Nashville, Stan-

ley J. Lanzo, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of assault with intent to commit murder in the first degree and in a bifurcated proceeding was found to be an habitual offender and sentenced to life imprisonment.

The defendant says the evidence is insufficient to support the verdict, says the trial judge incorrectly instructed the jury on the effect of intoxication on intent, says the trial judge commented on the testimony of a witness, says the trial judge erroneously overruled his motion to suppress a statement he made to the police, says two of the felonies alleged in the habitual criminal count of the indictment should have been stricken therefrom, and says the enhancement of the sentence to life amounts to cruel and inhuman treatment.

The judgment is affirmed.

The evidence shows that on November 2, 1983, the victim and a friend commenced drinking and barhopping. In the course of this, they met up with the defendant who was drinking also. These people left a bar at approximately 3:00 a.m. on November 3, 1983, and ultimately wound up at the home of the victim. Their drinking continued, and there was disputed evidence that some of these people sniffed glue.

The victim's live-in-girl friend, later his wife, was in the bedroom at the home. The defendant announced he intended to enter the bedroom and have sexual intercourse with the woman. The victim emphatically informed the defendant he was not to do so. The victim then walked into the kitchen and heard the defendant say that no one told him what to do.[1] The victim heard popping noises and turned to see the defendant and the other man standing in the doorway. The victim saw a gun in the defendant's hand and realized he had been shot. The defendant and the other man fled, and the victim was taken to the hospi-

tal, where it was found he had several gunshot wounds.

When the police went to the defendant's home, the defendant fled, and a considerable chase was required to arrest him. The defendant told officers he did not recall shooting the victim, but that he had come down near the river, found a gun beside him, and thrown it in the river.

The defendant attacks the sufficiency of the evidence on the basis that there is insufficient evidence to show he shot the victim and no showing of premeditation, and further, that the defendant's mental state made him incompetent.

■ There is evidence in this record that the defendant, prior to the shooting, followed the victim into the kitchen at the home and stated that no one told him what to do. The victim was shot and testified he saw what appeared to be a gun in the defendant's hand. This is sufficient evidence from which the jury could find the defendant fired the shots which struck the victim.

■ The matter of premeditation is a question for the jury to determine from all of the evidence in the case and from the facts and circumstances surrounding the event.

■ The evidence shows the defendant, armed with a pistol, placed himself in a position to shoot the victim, commenced a malicious, verbal attack, and then shot the victim repeatedly. From all of this, the jury could find premeditation, deliberate purpose, and malice. *See Houston v. State,* 593 S.W.2d 267 (Tenn.1980); *Claiborne v. State,* 555 S.W.2d 414 (Tenn.Cr. App.1977).

■ The defendant contends that he raised a defense of insanity by reason of intoxication. The state does not respond to this in their brief. However, we point out to the defendant that Rule 12.2 of the Rules of Criminal Procedure requires that in order to proceed on a defense of insanity

---

1. We have paraphrased this reply to delete vulgarities therefrom.

a party must, prior to trial, give written notice of his intent to rely upon such defense. The defendant did not do so in this case, nor show any reason why he did not. He cannot, therefore, under the rules rely upon this defense. The only thing remotely suggesting the defendant was considering insanity as a defense was a pre-trial motion for a mental evaluation. This was done, and the defendant was found to be competent. This motion does not satisfy the requirement of Rule 12.2. The defense of insanity was not properly raised at trial, and this Court will not consider the complaint on appeal.

■ The defendant is not entitled to any relief on the instruction concerning the effect of the defendant's intoxication at the time he committed the crime. The trial judge properly instructed the jury on the effect of intoxication on the offense of assault with intent to commit murder in the first degree.

The defendant insists the instruction on the effect of intoxication on crimes of specific intent such as assault with intent to commit murder in the second degree was erroneous.

In this case, the evidence clearly shows the defendant was guilty of assault with intent to commit murder in the first degree. The jury was properly instructed on the offense and rejected the defendant's claim, and the record supports the finding.

Error, if any, in the instruction as to lesser offenses was clearly harmless.

■ In the course of the trial, the victim testified he did not really want to prosecute the defendant. During discussions of this the trial judge stated to the victim that the attorney general had the responsibility to determine whether to prosecute. The defendant says this amounts to a comment on the evidence and gives credence to the state's case.

There is nothing in this remark by the trial judge to suggest the court favored the state's case or that the court was giving credibility to the testimony of the witness.

This did not amount to a comment on the evidence.

The defendant may not raise on appeal or be given relief on his claim of failure of the trial judge to suppress the statement he made in this case.

Rule 12(b)(3) of the Rules of Criminal Procedure requires that all motions to suppress evidence must be in writing and filed prior to trial and that they be heard prior to trial, unless good cause is shown to justify the non-compliance with this rule.

In this case, no pre-trial written motion to suppress evidence was ever filed. After the jury was selected and sworn, the defendant made an oral motion to suppress the statement. There is nothing in this record to show why the motion was not properly and timely filed.

■ The purpose of this rule is not only to avoid the unnecessary interruption and inefficiency in conducting jury trials caused by needlessly removing the jury from the courtroom for protracted suppression hearings, but also to ensure the right of the state to an appeal of an adverse ruling by the trial judge without placing the defendant twice in jeopardy. *Feagins v. State,* 596 S.W.2d 108 (Tenn.Cr.App.1979).

■ Unfortunately, the trial judge entertained this motion. He should not have. It is incumbent upon the trial courts to require an adherence to the rules of procedure. Otherwise, this benefit will be put to naught. We decline to compound this procedural defect by reviewing this issue, and hold the defendant waived any right to contest the admissibility of this evidence.

■ With regard to the charge of habitual criminality, the defendant contends that two of the felonies alleged against him were improper because they were not infamous crimes and because one of them was committed at the same time as an infamous crime. If these two are stricken, the defendant has remaining eight previous qualifying felony convictions. He therefore is entitled to no relief on this complaint.

The defendant says the application of the habitual criminal punishment amounts to cruel and unusual punishment because he is incarcerated for life with no right to parole eligibility and that under the decision of *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), he is entitled to relief on this basis.

First, the defendant's claim that he is not eligible for parole consideration is misconceived. T.C.A. § 40–28–116(b)(1) provides that a person convicted of being an habitual offender may be eligible for parole after serving thirty years.

This Court in *State v. Freeman*, 669 S.W.2d 688 (Tenn.Cr.App.1983), held that *Helm* was not applicable to the habitual criminal act of this state because of the parole eligibility feature of our act which was absent from the statute at question in *Helm*. The defendant is not, therefore, entitled to relief on this claim.

O'BRIEN and CORNELIUS, JJ., concur.