**STATE of Tennessee, Appellee,**

v.

**Benjamin E. BRADEN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 19, 1993.

Jeffrey A. DeVasher, Senior Asst. Public Defender (on appeal only) and Timothy J. Babb, Asst. Public Defender (at trial only), Nashville, for appellant.

Charles W. Burson, Atty. Gen., John B. Nisbet, III, Asst. Atty. Gen., Nashville, Victor S. Johnson, III, Dist. Atty. Gen. and James W. Milam, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

SCOTT, Presiding Judge.

The appellant was convicted of driving under the influence of an intoxicant, third offense, for which he received a sentence of eleven months and twenty-nine days in the Davidson County Workhouse and a $1,000.00 fine. He also received a consecutive sentence of five years in the Davidson County Workhouse for aggravated assault. He was designated a Range I standard offender. Finally, he was sentenced to serve thirty days and pay a fine of $500.00 for driving on a revoked driver's license. All of the sentences are to be served consecutively to a sentence the appellant received as a result of a parole revocation for robbery. On appeal he has presented two issues.

In the first he contends that the trial judge erred by refusing to hear his motion to suppress the blood alcohol test, the motion having been filed two weeks prior to trial.

Although the record does not indicate what the court's cut-off date was, the appellant's counsel conceded that the motion was filed

after that date had passed. The failure to raise defenses or objections, which must be made prior to trial, "at the time set by the court" by local rule shall constitute a waiver thereof. However, the court "for cause shown" may grant relief from the waiver. Rule 12(f), Tenn.R.Crim.P. The appellant having failed to comply with the timetable set by the court, this issue was waived. However, because this case must be reversed and remanded for a new trial on another ground, counsel has leave to submit this issue to the trial court on remand.

■ In the second issue the appellant contends that the trial judge erred by denying his motion for a mistrial after the judge informed the jury during the trial that the appellant was in custody.

The case was tried before a jury on March 17, 1991. The jury returned to deliberate the following morning and the following occurred:

THE COURT: Mr. Babb, will you waive the presence of your client? The sheriff has not brought him over. The sheriff, all he has time to do is run his mouth in the paper. He is not doing his job; but the defendant ought to be here when the court excuses these two alternates.

Will you agree to waive his presence until I can get off this bench and get the sheriff over here and see why this man is not here? It's not anyone's fault but the sheriff's. He needs to get out of the paper and do his job.

Excuse me, ladies and gentlemen, but the sheriff, all he has to do is run his mouth. He can't even get a prisoner over here from across the street by nine o'clock.

I don't want to keep you all waiting. You all went late last night. Anyway, I'll take care of that.

Ms. Pope and Mr. Cruthers, you did a good job as serving as alternates; but the case is now ready to go to the jury. I now have to excuse you. You may go home. Report Monday morning at nine o'clock. Thank you, very much.

Ladies and gentlemen of the jury, I'm going to give you the indictment together with the charge, and you may now retire and deliberate. Don't worry if you hear commotion out here, we're just trying to hold court. When you reach a decision, knock on the door and somebody will be there. If you will let them go to the jury room.

(Whereupon, the jury retired to the jury room to deliberate upon their verdict after which the following proceedings were had outside the presence of the jury:)

THE COURT: Mr. Babb, I am sorry that your client is not down here. I am going to rectify that just as soon as we get through calling this docket.

MR. BABB: Your Honor, I would like to put on the record, because it disturbs me a little bit.

THE COURT: You have a right to be disturbed.

MR. BABB: The jury wasn't aware that my client was in custody.

THE COURT: And I hope that you will file a motion or a petition to hold the sheriff of this county in contempt of court. That's what I hope you will do. This very possibly could cause a mistrial in this case. The man ought to be held accountable for it. I hope you will be drawing a petition to hold the sheriff of this county in contempt.

We will stand in recess.

(Recess observed, after which the following proceedings were had outside the presence of the jury:)

THE COURT: This is in the matter of State of Tennessee versus Braden.

MR. BABB: At this time on behalf of Mr. Braden, I make a motion for a mistrial based on what happened in court about an hour ago. To my recollection, at least, it became very clear in the discussion between Your Honor and myself that Mr. Braden was in custody. This was something that the jury was not aware of prior to this morning. Certainly, nothing happened in court yesterday that gave the jury any indication that Mr. Braden was in custody. As a criminal practitioner, I know little things like that can make a big difference in how a jury views a defendant and how it views the evidence.

And because of that, I believe the record will show clearly there was talk of Mr. Braden being in custody and the sheriff needed to bring him over. I feel compelled to make a motion for mistrial at this time.

THE COURT: General.

MR. MILAM: The events which Mr. Babb made reference to began before I was in the courtroom, personally, and as I came into the courtroom, it became clear that the defendant was not here; apparently, because of the fact that the sheriff had not brought him over.

We at this point do not feel there is any showing of prejudice sufficient to justify a mistrial. We don't know what the jury's verdict is. There is no suggestion as yet that that verdict, whatever it is, has been tainted in any fashion. I think that rather than a mistrial, the appropriate remedy, if there need be a remedy, would be upon a motion for new trial in the event of a conviction, and that only if supported by some actual proof from jurors.

But at this juncture, the State feels there is simply overwhelming evidence of the defendant's guilt and that the motion should not be granted.

THE COURT: I will deny the motion at this point. All right, let's bring the jury in.

In *Holbrook v. Flynn,* 475 U.S. 560, 567–68, 106 S.Ct. 1340, 1345, 89 L.Ed.2d 525 (1986), the U.S. Supreme Court, citing *Taylor v. Kentucky,* 436 U.S. 478, 485, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468 (1978), noted that "(c)entral to the right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments, is the principle that 'one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial.'"

The Court has noted that certain practices pose such a threat to the fairness of the fact finding process that they must be subjected to "close judicial scrutiny." *Estelle v. Williams,* 425 U.S. 501, 504, 96 S.Ct. 1691, 1692–93, 48 L.Ed.2d 126 (1976), (forcing the defendant to wear prison clothes before the jury was held unconstitutional because the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment.)

In *Willocks v. State,* 546 S.W.2d 819, 820 (Tenn.Crim.App.1976), this Court reversed the defendant's conviction because he was shackled during the trial, noting that "(i)ncluded in the presumption of innocence, which is mandated by due process and which attaches in each criminal case, is the defendant's right to the 'physical indicia of innocence.'" In *State v. Smith,* 639 S.W.2d 677, 681 (Tenn.Crim.App.1982), this Court found that it was error to allow the jurors to inadvertently see the defendant being led from the courthouse in handcuffs and chains. However, the error was cured by the trial court's extensive cautionary instruction and the court's inquiry as to whether any of the jurors would be influenced by the incident.

██ In this case the trial judge in his anger with the sheriff told the jury just before they deliberated on the issue of guilt or innocence that the appellant was "a prisoner" and, of course, gave no cautionary instructions to disregard his own comments. In legal parlance and in reality, we know that jurors consider the statements of the trial judge to be very important. For example, we have frequently pointed out that it is presumed that the jury followed the trial judge's instructions to disregard various items of evidence. *State v. Barton,* 626 S.W.2d 296, 298 (Tenn.Crim.App.1981). We have also noted that it is the trial judge who is ultimately responsible for every aspect of the orchestration of a trial. *State v. McCray,* 614 S.W.2d 90, 93 (Tenn.Crim.App.1981). *It is the judge to whom members of the jury must properly look when they have any question whatsoever about the propriety or impropriety of anything connected with the trial. Thus, for the judge to announce to the jury just before deliberations, with no cautionary instruction, that the appellant is "a prisoner" posed a substantial threat to the fairness of the fact finding process and removed the appellant's "physical indicia of innocence."* As to whether the jury was in

any way prejudiced by the trial court's action, there is simply no evidence that they were or that they weren't. However, this diatribe was so egregious that reversal and remand for a new trial is required to protect the purity of the jury system.

The judgment is reversed and this cause is remanded to the trial court for a new trial at which the jury will not be informed that the appellant is in custody, if such be the case at the time of retrial.

PEAY and TIPTON, JJ., concur.