IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1995 SESSION



**FILED**

**August 15, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) |
| Appellee, | ) No. 01C01-9501-CC-00001 |
| | ) |
| | ) Coffee County |
| v. | ) |
| | ) Honorable Gerald L. Ewell, Sr., Judge |
| | ) |
| WILLARD C. COOK, SR., | ) (Driving Under the Influence) |
| | ) |
| Appellant. | ) |

SEPARATE CONCURRING & DISSENTING OPINION

In accordance with Court procedure, I originally was assigned this case. Upon completion, my colleagues agreed that the appellant's conviction should be affirmed. However, they both disagree with me that a pretrial motion to suppress the results of the intoximeter test was required. Judge Tipton has eloquently and persuasively stated the majority's position. I, however, remain unswayed in my belief that a pretrial motion to suppress is the required course of action to suppress evidence of intoximeter results. I will succinctly explain my rationale below.

At trial, the appellant challenged the admissibility of the test results under State v. Sensing, 843 S.W.2d 412 (Tenn. 1992). In Sensing, the Court addressed the necessary foundation that the state must establish to admit breathalyzer test results. Id. at 416. One of the requirements is that the testing officer must be able to testify that the motorist was observed for the requisite twenty minutes prior to the test; and that during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate. Id. The appellant claims that the trial court improperly admitted the test results into evidence because he had foreign matter in his mouth prior to and when the test was administered. The

appellant asserts that his dentures are foreign matter. The trial court held that he waived the issue of admissibility because he failed to file a pretrial motion to suppress the evidence. The court did not abuse its discretion in not granting relief of such waiver.

Judge Tipton's majority opinion makes a distinction between an issue relating to sufficient foundation and the typical suppression motion involving evidence "illegally obtained." I am not persuaded as to the distinction. I believe we should deal in substance, not form. The purposes of Rules 12(b)(3) and 12(f) are to avoid unnecessary trial interruption and, more importantly, to assure that the state may appeal an adverse ruling without double jeopardy consequences. See State v. Braden, 874 S.W.2d 624, 625 (Tenn. Crim. App. 1993); State v. Randolph, 692 S.W.2d 37, 40 (Tenn. Crim. App. 1985). Allowing a defendant to pursue a suppression issue like this one at the midpoint of a trial would destroy the state's case by giving the prosecution no appellate avenue if the ruling is adverse.

I believe that the trial court properly denied the appellant's challenge to the admissibility of the test results. A motion to suppress evidence must be raised prior to trial. Tenn. R. Crim. P. 12(b)(3). Failure to do so constitutes a waiver of the objection. Tenn. R. Crim. P. 12(f). Appellant's counsel could have made a motion to suppress the test results based on the state's inability to lay the proper foundation prior to trial. Therefore, I concur in the results affirming the conviction but dissent on the suppression-waiver issue.

_____
PAUL G. SUMMERS, Judge