IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL SESSION, 1996

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9505-CR-00154 |
| | ) | |
| Appellee, | ) | **FILED** |
| | ) | December 10, 1997 |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | Cecil Crowson, Jr. |
| | ) | Appellate Court Clerk |
| | ) | HON. W. FRED AXLEY |
| JOSE HOLMES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Attempted Felony |
| | ) | Murder - Especially Aggravated |
| | ) | Robbery) |

FOR THE APPELLANT:

BRETT B. STEIN
100 N. Main, Ste. 3102
Memphis, TN  38103

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

JOHN W. PIEROTTI
District Attorney General

LEE COFFEE
Assistant District Attorney
201 Poplar
Memphis, TN  38103

OPINION FILED _____

CONVICTION FOR ATTEMPTED FELONY MURDER REVERSED AND
DISMISSED; CONVICTION FOR ESPECIALLY AGGRAVATED ROBBERY
AFFIRMED; REMANDED FOR RE-TRIAL ON COUNT 2 OF THE INDICTMENT.

JERRY L. SMITH, JUDGE

# OPINION

Appellant Jose Holmes was convicted by a jury in the Shelby County Criminal Court of attempted first degree murder and of especially aggravated robbery. He was sentenced as a career offender to sixty years in the Department of Correction. On appeal, Appellant raises three issues:

(1) Whether the trial court's instruction to the jury concerning "a reasonable doubt" placed a higher burden of proof upon Appellant than is required by due process clause?

(2) Whether the trial court's specific instruction concerning criminal responsibility of the conduct of another when coupled with a general instruction on criminal responsibility placed an undue prominence on that fact to the prejudice of Appellant?

(3) Whether the trial court's denial of Appellant's motion to strike his alias from the indictment prejudiced Appellant denying him of the due process of law?

After careful consideration of this matter we must reverse and dismiss the conviction for attempted felony murder. Appellant's conviction for especially aggravated robbery is affirmed. The case is remanded for retrial on a charge of attempted second degree murder as alleged in Count 2 of the indictment.

## I. FACTUAL BACKGROUND

The proof in this matter shows that on September 27, 1993, Ms. Maryan Elam was leaving a parking lot at the Mall of Memphis when she was approached by two men wearing stocking masks. The men approached Ms. Elam's car, pointed a gun at her, and demanded that she give them money. When Ms. Elam refused, the man she identified as Appellant shot her through the window of her car seriously injuring her. Appellant and his compatriot then stole $15,000 from the trunk of Ms.

Elam's vehicle. She had just withdrawn this money from the bank to take to her place of business.

Three other witnesses positively identified Appellant as a perpetrator of these crimes. One was a mall patron who actually saw Appellant shoot and rob Ms. Elam. Another witness saw Appellant fleeing the crime scene. The final witness saw Appellant run onto a nearby hotel property and then toward an undeveloped area around Nonconnah Creek. Approximately an hour after the shooting and robbery, police found Appellant lying in thick brush near Nonconnah Creek and near the mall. Under his head was the $15,000 bundle of cash taken from Ms. Elam's trunk. When arrested Appellant identified himself as "Thomas Smith." It was discovered sometime later that his name was actually Jose Holmes.

## 2. CONVICTION FOR ATTEMPTED FELONY MURDER

Neither party to this appeal addressed the propriety of Appellant's having been convicted of attempted felony murder. This Court therefore ordered supplemental briefing on this issue in light of our state supreme court's holding in State v. Kimbrough, 924 S.W.2d 888 (Tenn. 1996); that attempted felony murder is a crime which does not exist in Tennessee. The State now concedes that Appellant's conviction cannot stand in light of Kimbrough. We therefore reverse and dismiss Appellant's conviction on this charge.

However, this does not end our inquiry regarding the charge of attempted murder. The jury acquitted Appellant of attempted premeditated and deliberate first degree murder as charged in Count 1 of the indictment, but the jury did find Appellant guilty of attempted felony murder as charged in Count 2. Although Kimbrough counsels us that such an offense does not exist, Count 2 alleges that Appellant "did unlawfully and knowingly attempt to kill" the victim. Count 2 is

therefore sufficient to charge attempted second degree murder,  See, Tenn. Code Ann. § 39-13-210(a)(1), and may not be dismissed outright.  However, the jury instructions given in this case, while appropriate in a prosecution for an attempted homicide based on Appellant's participation in a felony, are not proper in a prosecution for an attempted second degree murder prosecution alleging that Appellant "knowingly" attempted to kill the victim.  For the reasons discussed infra., we therefore remand Count 2 of the indictment to the trial court for retrial on charges of attempted second degree murder.

### 3. JURY INSTRUCTIONS

Appellant complains that the jury instructions given in this case concerning responsibility for the criminal conduct of another as an aider and abettor are improper.  The allegedly erroneous instruction reads as follows:

> When one enters into a scheme with others to commit a robbery and an attempted murder ensues, all defendants may be held responsible for the attempted murder, regardless of who actually committed the attempted murder and whether the attempted murder was specifically contemplated by the others.
>
> As long as the defendant intended to commit the robbery and an attempted murder resulted during the perpetration of or the attempt to perpetrate the robbery, each defendant is responsible for the attempted murder, regardless of whether he intended for the victim to die or participated in the act of attempted murder.

Recently our state supreme court addressed the issue of aider and abettor criminal liability in the context of multiple offender felonies.  In State v. Carson, 950 S.W.2d 951, 956 (Tenn. 1997); the Court held that the "natural and probable consequence" rule applies to the criminal responsibility of one participant in a felony to the acts committed by another participant.  Thus, under Tennessee Code Annotated Sections 39-11-401, 402, an individual in a multiple offender felony is responsible for the criminal acts of any of the other participants if the individual

-4-

shares in the intent to commit the primary felony and the criminal acts committed by the other participants are the natural and probable consequence of the commission of the primary felony. Id.

It has long been recognized that various assaultive offenses are the natural and probably consequence of armed robbery attempts. See e.g. State v. Grooms, 653 S.W.2d 271, 275 (Tenn. Crim. App. 1983). Thus, the instruction given in this case cannot be said to be entirely inappropriate in a prosecution for an attempted homicide based on Appellant's participation in a robbery. Nonetheless, such an instruction has no place in a prosecution of Appellant for attempted second degree murder based on his personal responsibility. We cannot say that absent this instruction a jury would have nevertheless convicted Appellant of attempted second degree murder. We therefore remand Count 2 on the indictment for retrial on the charge of attempt to commit second degree murder.

Appellant also challenges the constitutionality of the jury instruction concerning "reasonable doubt". The trial court instructed the jury:

> A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in this case.

> It is not necessary that the defendant's guilt be proved beyond all reasonable doubt, an absolute certainty of guilt is not demanded by the law to convict of any criminal charge.

> A reasonable doubt is just that--a doubt that is reasonable after an examination of all the facts of this case.

> If you find the State has not proven every element beyond a reasonable doubt, then you should find the defendant not guilty.

Appellant takes issue with only the second sentence of the charge which refers to the fact that "absolute certainty of guilt is not demanded."

It is Appellant's position that this instruction misled the jury by conveying that the State has a lesser burden of proof than is required by due process. See In re Winship, 397 U. S. 358, 364 (1970) (explicitly holding that the Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"). In so arguing, Appellant relies upon Cage v. Louisiana, 498 U. S. 39 91990), in which the Supreme Court held unconstitutional an instruction which equated a reasonable doubt with a "grave uncertainty" and an "actual substantial doubt." The Court held that when the words "substantial" and "grave," which suggest a higher degree of doubt than is required under the reasonable doubt standard, are considered with the instruction's reference to "moral certainty," the jury might convict a defendant on less proof than is required under the due process clause. Id. at 41.

The jury instruction at issue contains neither the phrase 'substantial doubt" nor "grave uncertainty" nor "moral certainty." Indeed, it was as a result of the decision in Cage v. Louisiana that the Committee on Pattern Jury Instructions wrote this particular instruction to appear along with the previous instruction which included the term "moral certainty." See T.P.I.--Crim. 2.03 (4th Ed. 1995) comments. In conclusion, we find that the due process concerns addressed in Cage are not present in this instruction which adequately defines "reasonable doubt."

Moreover, Tennessee Courts have repeatedly held that the traditional reasonable doubt instruction given in Tennessee is constitutionally adequate. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, 115 S. Ct. 909 (1995); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994), app. denied, (Tenn. 1994);

State v. Hallock, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993), app. denied, (Tenn. 1994); Marshall v. State, 528 S.W.2d 823, 825 (Tenn. Crim. App. 1975), cert. denied, (Tenn. 1975).

That instruction states:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt. Reasonable doubt does not mean a captious, possible or imaginary doubt. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required, and this certainty is required as to every proposition of proof requisite to constitute the offense.

We recognize that one federal district court has concluded that a similar instruction suggested a standard of proof lower than due process allows, primarily referring to the "moral certainty" language. See Rickman v. Dutton, 864 F. Supp. 686, 708-09 (M.D. Tenn. 1994). However, the United States Court of Appeals for the Sixth Circuit has held that the traditional reasonable doubt instruction quoted above is constitutionally sound. Austin v. Bell, ___ F.3d ___, 1997 WL 602670 (6th Cir. 1997).

Thus, while the instruction on reasonable doubt actually given the jury was constitutionally adequate it does not enjoy the long lineage and venerability of the traditional reasonable doubt instruction. Reasonable doubt is so fundamental a concept to our system of criminal justice that the understanding of it should not vary from court to court. Trial court should return to the traditional instruction.

### 4. USE OF ALIAS IN THE INDICTMENT

In each of his indictments, Appellant was referred to as "Jose Holmes" (also known as Thomas Smith). Appellant contends that informing the jury "on the front end by virtue of an indictment" that he used an alias "plants in the jurors' minds that there is something wrong with [him] because he wouldn't otherwise use another

name." In a pre-trial oral motion which the trial court denied, Appellant, claiming undue prejudice, requested that the trial court strike the phrase "(also known as Thomas Smith)" from the indictments.

Appellant acknowledges the well-established law of Tennessee that proof of a defendant's use of an alias supports its inclusion in the indictment. State v. Zirkle, 910 S.W.2d 874, 887 (Tenn. Crim. App. 1995); Young v. State, 566 S.W.2d 895, 899 (Tenn. Crim. App. 1978) (stating that one who misidentifies himself to police officers has no legitimate complaint if an alias is used on the indictment). Here, the record reflects that Appellant identified himself to the police using the name "Thomas Smith." Even if no such proof existed and the inclusion of the alias were erroneous, the error does not warrant a reversal unless is can be shown that the defendant was prejudiced. State v. Stephenson, 878 S.W.2d 530, 540 (Tenn. 1994). Because of the overwhelming amount of proof incriminating Appellant, there is no prejudice in this case. See, State v. Laney, 654 S.W.2d 383, 386 (Tenn. 1983) (erroneous inclusion of defendant's alias in indictment was not prejudicial where state's evidence clearly established defendant' guilty), cert. denied, 464 U.S. 1003 (1983).

Despite Appellant's acknowledgment of the applicable law with respect to this issue, he insists that the precise issue that he raises has not been previously addressed, that is, whether the inclusion of an alias in the indictment violates the due process clause by eroding Appellant's presumption of innocence. In support of this argument, Appellant cites as analogous the obviously improper situation of alleging in the indictment that a defendant has confessed to the crime. However, Appellant apparently misperceives the nature of an indictment which is defined by statute as "an accusation in writing . . . charging a person with an indictable offense." Tenn. Code Ann. § 40-13-101(a) (1990). While charging someone with

an offense does not require a recitation of the proof against that person, it does require a clear designation of the person who is charged. Recognizing this fact, Tenn. Code Ann. § 40-13-203 provides as follows:

> Certainty as to person charged.--The indictment must be certain as to the person charged; but when [his] name is unknown to the grand jury, it may be so alleged without further identification, or [he] may be indicted under any name by which [he] is generally know.

The record is unclear as to the point at which Appellant's real name was discovered, but at the time of his arrest, Appellant was known to the officer by his alias. Under these circumstances, the purpose of the indictment was best served by the inclusion of Appellant's alias.

Lastly, we point out that appellant has not cited any legal authority for the proposition that the inclusion of an alias in the indictment unconstitutionally detracts from his presumption of innocence. While "[t]he presumption of innocence . . . is a basic component of a fair trial under our system of criminal justice," we find no specific case which is either on point or which lends support by analogy to Appellant's argument. Estelle v. Williams, 425 U.S.501, 503 (1976); see also State v. Braden, 874 S.W.2d 624, 626 (Tenn. Crim. App. 1993); Willocks v. State, 546 S.W.2d 819, 820 (Tenn. Crim. App. 1976). We therefore find that Appellant was not deprived of the due process of law by the inclusion of his alias in the indictment.

In summary, the judgment of the trial court finding Appellant guilty of attempted felony murder is reversed and dismissed. The judgment of conviction for especially aggravated robbery is affirmed. Count 2 of the indictment is remanded for trial on a charge of attempted second degree murder.

_____
JERRY L. SMITH, JUDGE

CONCUR

_____
PAUL G. SUMMERS, JUDGE


_____
JOSEPH M. TIPTON, JUDGE