# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 4, 2003 Session

## STATE OF TENNESSEE v. JAMES HEWLETT SMITH

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8161     C. Creed McGinley, Judge**

---

**No. W2003-00915-CCA-R3-CD  - Filed December 19, 2003**

---

The Defendant, James Hewlett Smith, was convicted at a bench trial of DUI.  In this direct appeal, the Defendant challenges the legality of his arrest and the sufficiency of the evidence.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Terry Abernathy, Selmer, Tennessee, for the appellant, James Hewlett Smith.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Tennessee Valley Authority police officer Henry Eugene Williams III was patrolling the Pickwick Dam area at about ten o'clock p.m. when he noticed a van parked in a public parking lot. Officer Williams explained that this lot was open to the public "at all times."  The van was properly parked and Officer Williams noticed nothing unusual about it.  Nevertheless, he determined to do a "welfare check" on the van.

Officer Williams approached the van and saw the Defendant, apparently sleeping, in the front seat.  The keys were in the ignition.  Officer Williams testified that he intended to ask the Defendant to relocate to a nearby campground.  Officer Williams knocked on the van window, and the Defendant opened the van door and got out.  According to Officer Williams, the Defendant "had difficulty exiting."  Officer Williams stated that, as the Defendant was getting out of his van, he had trouble standing, keeping his balance, and had slurred speech.  Officer Williams also noticed an odor

of alcohol about the Defendant. When Officer Williams asked if he had been drinking, the Defendant responded that he had.

Officer Williams administered several field sobriety tests, on which the Defendant performed poorly. Officer Williams then requested assistance from the Hardin County Sheriff's Department. Three county officers arrived and requested the Defendant to perform another battery of field sobriety tests. Following the Defendant's flawed performance of these tests, the Defendant was placed under arrest.

In conjunction with his arrest, the Defendant was read the Implied Consent form and offered the option of taking a blood or breath test for determining the level of his intoxication. The Defendant refused both tests, signing the form in the appropriate place.

On cross-examination, Officer Williams acknowledged that he had no "probable cause" to believe that any crime was occurring when he saw the van, and had no reason to suspect that anyone inside the van was intoxicated. Rather, he stated his reason for approaching the van was to "conduct a welfare check and ask [the occupant] to relocate" to a nearby campground. However, he also acknowledged that it was a common practice for people to park and spend the night in that parking lot.

At the close of the State's proof, defense counsel moved for a judgment of acquittal on the basis that Officer Williams "had absolutely no cause, no justification, no reason" to apprehend the Defendant and that the State's case was therefore "fatally defective." The trial court overruled this motion and subsequently convicted the Defendant of DUI. The trial court also revoked the Defendant's driver's license for one year for violating the implied consent law. See Tenn. Code Ann. § 55-10-406(a)(3)(A).

The gist of the Defendant's argument to this Court is that Officer Williams' "stop" of the Defendant was unconstitutional and that his conviction must therefore be overturned. The Defendant's argument rests on the basis that evidence gathered in conjunction with an illegal seizure should be suppressed. However, defense counsel never objected to the admission of the State's evidence during the State's case. Even more significantly, no motion to suppress the evidence was filed prior to trial. Tennessee Rule of Criminal Procedure 12(b)(3) provides that motions to suppress evidence "must" be made prior to trial. Failure to timely file a motion to suppress "shall constitute [a] waiver thereof." Tenn. R. Crim. P. 12(f).

This Court has repeatedly upheld this rule of waiver. See, e.g., State v. Clark, 67 S.W.3d 73, 76 (Tenn. Crim. App. 2001); State v. Braden, 874 S.W.2d 624, 624-25 (Tenn. Crim. App. 1993); State v. Roberts, 755 S.W.2d 833, 837 (Tenn. Crim. App. 1988); State v. Randolph, 692 S.W.2d 37, 40 (Tenn. Crim. App. 1985); State v. Hamilton, 628 S.W.2d 742, 744-45 (Tenn. Crim. App. 1981); State v. Barber, 625 S.W.2d 291, 294 (Tenn. Crim. App. 1981). As we have previously recognized, one of the purposes of the waiver rule is "to ensure the right of the [S]tate to an appeal

of an adverse ruling by the trial judge [on a motion to suppress] without placing the defendant twice in jeopardy." Randolph, 692 S.W.2d at 40.

That purpose is of particular significance in this case. Upon a properly filed motion to suppress, heard and determined pre-trial, the State maintains the right to pursue an appeal of a trial court's decision to suppress prosecutorial evidence. In this case, however, the Defendant did not raise any objection to the admissibility of the State's evidence until after the State had closed its proof. Had the trial court ruled in favor of the Defendant's argument that Officer Williams' apprehension of him was unconstitutional and the State's evidence therefore contaminated and inadmissible, the trial court would have acquitted the Defendant. The State would thereupon have been barred from seeking review of the trial court's decision on the legality of the Defendant's arrest. That is a result we cannot countenance.

The Defendant's failure to file a timely motion to suppress is fatal to his quest to have this Court overturn his conviction on the grounds that his arrest was illegal. This issue is waived.

We turn now to the Defendant's claim that the evidence is not sufficient to support his conviction of DUI. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

Our criminal code provides that

> It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while . . . [u]nder the influence of any intoxicant[.]

Tenn. Code Ann. § 55-10-401(a)(1). In this case, the proof established that the Defendant was in physical control of a motor vehicle parked in a public parking lot. The Defendant was sitting in the front seat of his van, and the keys were in the ignition. The proof further established that the Defendant had been drinking and was under the influence of alcohol. The Defendant admitted to Officer Williams that he had been drinking earlier that night, and the Defendant was unable to satisfactorily perform several field sobriety tests. This evidence is sufficient to support the finding of the Defendant's guilt of DUI beyond a reasonable doubt. This issue is without merit.

The judgment of the trial court is affirmed.

                                         _____
                                         DAVID H. WELLES, JUDGE