IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015

## JIMMY W. WILSON v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2015-CR-1      E. Eugene Eblen, Judge**

_____

**No. E2015-00477-CCA-R3-HC – Filed October 19, 2015**

_____

The petitioner, Jimmy W. Wilson, appeals the summary dismissal of his petition for writ of habeas corpus, which challenged the life sentence imposed based upon a Sullivan County Criminal Court jury's finding that he was a habitual criminal following his 1985 conviction of rape. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Jimmy W. Wilson, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1985, a Sullivan County Criminal Court jury convicted the petitioner in a bifurcated trial of rape and found him to be a habitual criminal based upon his 1971 conviction of assault with intent to commit second degree murder, his 1971 conviction of concealing stolen property, his 1979 conviction of burglary of a motor vehicle, his 1980 conviction of perjury, and the trial court imposed a statutorily-mandated sentence of life imprisonment. *Jimmy Wayne Wilson v. State*, No. 03C01-9806-CR-00206, slip op. at 2, 1999 WL 420495, at *2 (Tenn. Crim. App., Knoxville, June 24, 1999) (*Wilson IX*). Following his conviction, the petitioner embarked on a decades-long campaign to challenge his habitual offender status. On direct appeal, the petitioner challenged the jury's finding that he was a habitual criminal on grounds that his conviction of burglary of an automobile was not listed among qualifying predicate offenses in Code section 40-

20-112. This court affirmed the jury's finding, concluding that the term "burglary" in the statute was sufficient to encompass the petitioner's conviction of burglary of an automobile. *See State v. Jimmy Wayne "Jimbo" Wilson*, No. 717, 1986 WL 12922, at *11 (Tenn. Crim. App., Knoxville, Nov. 14, 1986), *perm. app. denied* (Tenn. May 11, 1987; May 18, 1989) (*Wilson I*).

On May 21, 1987, the petitioner filed the first unsuccessful petition for post-conviction relief. Among the 29 issues presented by the petitioner were two challenges to his habitual offender status: (1) that his 1980 perjury conviction was invalid because the trial court failed to apprise him of his constitutional privilege against self-incrimination and (2) that remand for a new trial on the habitual offender finding was necessary because the post-conviction court had vacated his 1971 conviction of concealing stolen property and "it cannot be said beyond a reasonable doubt that the use of the invalid conviction did not influence the verdict." *Jimmy Wayne Wilson v. State*, No. 909, slip op. at 5, 1991 WL 87245, at *3 (Tenn. Crim. App., Knoxville, May 29, 1991) (*Wilson II*). This court rejected both challenges and specifically concluded,

> At the time of the conviction, habitual criminal status required three prior felony convictions of which two were to be from a designated class. *See* T.C.A. § 39-1-801 (1982). Perjury and burglary fell within the class. An habitual criminal sentence is not constitutionally void as long as the required number of valid convictions exists. *See State v. Prince*, 781 S.W.2d 846, 851 (Tenn. 1989). Since the petitioner still has the requisite number of convictions, his habitual criminal status is not affected. *See e.g.*, *State v. Randolph*, 692 S.W.2d 37, 40 (Tenn. Crim. App. 1985). It is merely speculative to assert that the jury would not have found habitual criminality based upon the remaining, valid convictions.

*Id.*, slip op. at 5.

The petitioner filed a second unsuccessful petition for post-conviction relief on May 31, 1990, claiming, among other things, "that Tenn. Code Ann. § 39-1-801, which provides for enhanced punishment for habitual criminals, was repealed by the Tennessee Sentencing Reform Act of 1989; and that, as a result, the petitioner is now being incarcerated in violation of his constitutional rights against cruel and unusual punishment and to equal protection and due process of law." *Jimmy Wayne Wilson v. State*, No. 970, slip op. at 1, 1991 WL 99520, at *1 (Tenn. Crim. App., Knoxville, June

12, 1991) (*Wilson III*). We did not address the petitioner's claim and instead dismissed his petition as untimely.

On appeal after a remand of his first petition for post-conviction relief for further hearing on the petitioner's claim of ineffective assistance of counsel, the petitioner argued that his "appellate counsel was ineffective by failing to pursue on appeal the issue regarding the trial court sentencing him to twenty years for the rape conviction for which he, likewise, was sentenced to life imprisonment as an habitual criminal." Noting that this court had previously declared "the issue was moot because his life sentence remained valid," we observed that "when a trial court imposes both a sentence on a triggering offense and on the habitual criminal status, the sentence on the triggering offense is null and void" and concluded that "because the twenty-year sentence is null and void, it has no effect on the petitioner's life sentence for being an habitual criminal." *Jimmy Wayne Wilson v. State*, No. 03C01-9203CR104, slip op. at 9, 1992 WL 350809, at *4 (Tenn. Crim. App., Knoxville, Dec. 1, 1992) (*Wilson IV*).

The petitioner again challenged his habitual offender status by pro se petition dated April 6, 1994, in which the petitioner claimed "that he no longer qualifie[d] as a habitual criminal and ask[ed] this [c]ourt to 'Examine the records and facts and issue an order Vacating the Habitual Criminal Sentence.'" *Jimmy Wayne Wilson v. State*, No. 03C01-9406-CR-00229, slip op. at 2, 1995 WL 215241, at *1 (Tenn. Crim. App., Knoxville, Apr. 12, 1995) (*Wilson V*). This court again rejected the petitioner's claim based upon our earlier conclusion that the petitioner "had the requisite number of convictions" to support a finding that he was a habitual criminal. *Id.*

The petitioner filed two more petitions for post-conviction relief on November 23, 1994, claiming, relative to the life sentence imposed for the rape conviction as a habitual offender, "that his 'enhanced punishment of an habitual criminal is invalid because it does not comport with the statutory prerequisites with respect to prior felony convictions.'" *Jimmy Wayne Wilson v. State*, No. 03C01-9602-CC-00085, slip op. at 3, 1997 WL 214842, at *1 (Tenn. Crim. App., Knoxville, May 1, 1997) (*Wilson VI*). Again, this court did not address the merit of the petitioner's claim but dismissed the petitions as time-barred. *See id.*

While that appeal was pending, the petitioner filed in the Sullivan County Criminal Court a petition for a writ of habeas corpus, claiming, among other things, that "his conviction for burglary on June 5, 1979 and his conviction for perjury on November 17, 1980 cannot be used to enhance his punishment, as an habitual criminal, to life imprisonment on his conviction for rape on July 22, 1985" because Code section "40-20-112, as it existed prior to May 18, 1981 and at the time of his convictions for burglary and perjury, has been held to be unconstitutional in *Gaskin v. Collins*, 661 S.W.2d 865

[Tenn. 1983]; and that by reason thereof his convictions are void." *Jimmy Wayne Wilson v. State*, No. 03C01-9604-CC-00142, slip op. at 3, 1997 WL 459728, at *1 (Tenn. Crim. App., Knoxville, Aug. 12, 1997) (*Wilson VII*). We affirmed the denial of habeas corpus relief, concluding,

> At the time appellant was convicted of rape and his punishment enhanced under T.C.A. § 30-1-801, T.C.A. § 40-20-112 clearly limited the previous crimes to be considered in determining habitual criminal status to those listed prior to May 18, 1981; and burglary and perjury were among those listed crimes.

*Id.*

On May 8, 1996, the petitioner filed a motion to reopen his first petition for post-conviction relief, arguing "that his habitual offender sentence was based in part on a conviction which had been invalidated." *Jimmy Wayne Wilson v. State*, No. 03C01-9611-CR-00409, slip op. at 2, 1997 WL 672644, at *1 (Tenn. Crim. App., Knoxville, Oct. 30, 1997) (*Wilson VIII*). We dismissed the appeal on procedural grounds but observed that this court had previously determined this exact issue "to be without merit." *Id.*

Later, the petitioner, along with five other inmates, "brought a declaratory judgment suit against the Parole Eligibility Review Board ('the Board'), against its members individually, and against a number of other state officials" on grounds "that the defendants had violated the plaintiffs' equal protection and due process rights[] by failing to recalculate their sentences under the Criminal Sentencing Reform Act of 1989 and/or failing to grant them an accelerated Release Eligibility Date ('RED')."[1] *Wilson v. State*,

---

[1] As the court of appeals explained,

> With the passage of the Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101 *et seq.*, the Legislature totally revised the state's criminal code, replacing the drastic penalties associated with the habitual criminal statute with a more graduated sentencing scheme. By the specific terms of the Act, the new sentencing schedule was to apply only to persons sentenced on or after November 1, 1989. Tenn. Code Ann. § 40-35-117. According to Mr. Wilson, if he had been sentenced under the new act, his sentence for simple rape would have been only eight to twelve years.

> In 1992, the Legislature enacted Tenn. Code Ann. § 40-35-601 *et seq.*, which established a new body, the Parole Eligibility Review Board, to review the sentences of those convicted as habitual criminals before November 1, 1989. The Board was authorized to reconsider the parole

980 S.W.2d 196, 196-97 (Tenn. Ct. App. 1998). The petitioner also claimed "that a reduction in the severity of the punishment that may be imposed for a particular offense amounts to an implicit finding by the legislature that the previous penalties constituted cruel and unusual punishment." *Id.* at 198. The court of appeals rejected both challenges.

The petitioner then filed another unsuccessful petition for writ of habeas corpus, this time arguing (1) that "the trial court's instructions to the jury in the petitioner's habitual criminal trial were [not] adequate," (2) that "the trial court should have determined the sufficiency of the predicate convictions prior to submitting them to the jury during his habitual offender trial, and (3) that the habitual offender finding was not "supported by a sufficient number of prior felony convictions as required by Tenn. Code. Ann. § 39-1-801 (1982)." *Wilson IX*, slip op. at 4. Despite myriad procedural problems that would have justified the summary dismissal of the petition, this court considered each of the petitioner's issues and concluded, as is relevant to this case,

> As already noted, at the time of the petitioner's rape offense, his record included three felonies: felonious assault, perjury, and burglary. Tenn. Code. Ann. § 39-1-801 provided that, in order to qualify as an habitual offender, a defendant's prior criminal record must include at least three felony convictions, two of which were for offenses enumerated in specified statutes. The specified statutes included Tenn. Code. Ann. § 40-20-112, the "infamy statute." Tenn. Code. Ann. § 40-20-112, at the time of the petitioner's commission of rape, provided that the habitual criminal statutes only referred to crimes designated as infamous prior to May 18, 1981. Tenn. Code. Ann. § 40-20-112 (1982). Prior to that date, the infamy statute included both burglary and perjury. *Id.* Compiler's Notes; Tenn. Code. Ann. § 40-2712 (1975).

*Id.*

---

eligibility dates of such offenders, but a subsequent amendment excluded from review those offenders whose triggering offense was "an offense against the person." In appropriate cases the Board could grant a new release eligibility date, comparable to that which the offender would have been eligible for if he were convicted and sentenced under the 1989 Act. On June 30, 1993, the Board informed Mr. Wilson by letter that upon reviewing his sentence and conviction history, it had decided by a majority vote not to grant him a new RED.

*Wilson*, 980 S.W.2d at 197.

Most recently, the petitioner moved the trial court, pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct his life sentence, claiming, yet again, "that he did not have the requisite prior convictions to satisfy the statutory criteria for being found an habitual criminal." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, slip op. at 3, 2014 WL 1285622, at *2 (Tenn. Crim. App., Knoxville, Mar. 31, 2014), *perm. app. denied* (Tenn. Nov. 19, 2014) (*Wilson X*). We affirmed the summary denial of the petitioner's motion, finding that the petitioner had "not set forth a colorable claim that his *sentence*, rather than his *conviction*, is illegal." *Id.*

The petitioner filed the petition for a writ of habeas corpus at issue in this case on February 2, 2015. In his petition, the petitioner presented three claims for review:

> 1. "The Sullivan County Criminal Court was without jurisdiction or authority to declare count two of the indictment infamous under the 1981 amendment for purposes of the habitual criminal status and impose life imprisonment in direct contravention of T.C.A. §§ 40-2712 and 40-20-112 thus illegal."

> 2. "The Sullivan County Criminal Court was without jurisdiction or authority to use the prior conviction of concealing stolen property that was vacated as a qualifying offense for the imposition of life imprisonment as a habitual criminal."

> 3. "The Sullivan County Criminal Court was without jurisdiction or authority to impose life imprisonment as a habitual criminal in direct contravention of T.C.A. § 39-1-801 rendering such sentence illegal and void."

The trial court summarily dismissed the petition.

In this appeal, the petitioner reiterates the claims exactly as they were presented in the habeas corpus court. The gravamen of the petitioner's claim, however, is his argument that, because the list of offenses for which a defendant would be declared infamous contained in Code section 39-1-801 did not include assault with intent to commit second degree murder at the time the petitioner committed that offense, his 1971 conviction for assault with intent to commit second degree murder could not have served as a predicate offense for the jury's finding him to be a habitual criminal. He also argues

that removal of his conviction for concealing stolen property from the habitual offender calculus coupled with the fact that his conviction of assault with intent to commit second degree murder was not an infamous offense results in his having an insufficient number of convictions to qualify as a habitual offender. The State concedes that assault with intent to commit second degree murder was not, in 1971, an offense for which a defendant would be declared infamous but argues that because the petitioner had three felony convictions and because both burglary and perjury were offenses for which a defendant would be declared infamous, the petitioner has the requisite number of convictions to support his status as a habitual criminal.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We begin by noting, as we have repeatedly, that the vacating of the petitioner's conviction of concealing stolen property has no effect on the petitioner's status as a habitual offender. *See, e.g.*, *Wilson II*, slip op. at 5. Thus, the remaining convictions available to support the jury's finding that the petitioner was a habitual criminal were his 1971 conviction for assault with intent to commit second degree murder, his 1979 conviction for burglary of a motor vehicle, and his 1980 conviction for perjury. As we have also previously observed, at the time he committed the triggering

offense, rape, the petitioner had committed "three felonies: felonious assault, perjury, and burglary." *Wilson IX*, slip op. at 10. The habitual offender statute in effect at that time "provided that, in order to qualify as an habitual offender, a defendant's prior criminal record must include at least three felony convictions, two of which were for offenses enumerated in," as is applicable here, Code section § 40-20-112, "the 'infamy statute,'" which statute "provided that the habitual criminal statutes only referred to crimes designated as infamous prior to May 18, 1981." *Id.* Before May 18, 1981, the infamy statute included burglary and perjury. *See, e.g.*, *Wilson II* ("At the time of the conviction, habitual criminal status required three prior felony convictions of which two were to be from a designated class. *See* T.C.A. § 39-1-801 (1982). Perjury and burglary fell within the class."). Therefore, as we have noted time and again, because "the petitioner still has the requisite number of convictions, his habitual criminal status is not affected." *Id.* ("An habitual criminal sentence is not constitutionally void as long as the required number of valid convictions exists.").

Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
JAMES CURWOOD WITT, JR., JUDGE